UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SCHULZ,<br><br>        Plaintiff,<br><br>    v.<br><br>CRANE CO., et al.,<br><br>        Defendants. | No. 2:13-cv-02370-KJM-AC<br><br><br>ORDER |

        This matter is before the court on plaintiff Paul Schulz's Motion to Remand this case to the Solano County Superior Court. (Pl.'s Mot. Remand, ECF 13.) Defendant Crane Co. opposes the motion. (Def.'s Opp'n, ECF 28.) The court decided the motion without a hearing. As explained below, the court GRANTS plaintiff's Motion to Remand.

I.      INTRODUCTION AND PROCEDURAL BACKGROUND

        This case arises out of plaintiff's alleged exposure to asbestos. (ECF 13 at 1.) On September 9, 2013, plaintiff filed a complaint in the Solano County Superior Court against forty defendants alleging the following claims: (1) negligence; (2) products liability; (3) aiding and abetting battery; (4) concert of action; and (5) fraud. (Def.'s Notice of Removal, Compl., Ex. 1 ("Compl."), ECF 1.) On November 14, 2013, one of the defendants, Crane Co., removed the case to this court, invoking this court's jurisdiction under 28 U.S.C. § 1442(a)(1). (ECF 1.) On December 3, 2013, plaintiff filed the instant Motion to Remand. (ECF 13.) Defendant filed

1

an opposition on January 3, 2014.  (ECF 28.)  Plaintiff filed a reply on January 10, 2014.  (Pl.'s Reply, ECF 29.)

## II. LEGAL STANDARD

A civil action commenced in a state court against any person "acting under" the direction of a United States officer may be removed to the district court.  28 U.S.C. § 1442(a)(1).  A party seeking removal under § 1442(a)(1) must show that: "(a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'"  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (citations omitted).  Unlike courts' jurisdiction under section 1441, which is strictly construed, courts "do not interpret . . . jurisdiction under section 1442 so strictly."  *Id.* at 1252.  Therefore, "when federal officers and their agents are seeking a federal forum, [courts] are to interpret section 1442 broadly in favor of removal."  *Id.*  Removals under § 1442 are not subject to the well-pleaded complaint rule, and a "federal officer or agency defendant can unilaterally remove a case" without other defendants' consent.  *Id.*

## III. DISCUSSION

Defendant removed the case to this court arguing that it meets all three requirements as provided above for removal under § 1442(a)(1).  However, the primary question raised by the instant motion is defendant's ability to raise a colorable federal defense.  Specifically, defendant argues it can raise the government contractor defense as a colorable federal defense to plaintiff's claims.  (ECF 1 at 4.)  Plaintiff responds because the "specific waiver eliminates the possibility of removal based upon a government contractor defense," defendant cannot raise that defense and thus defendant cannot meet the colorable defense requirement.  (ECF 13 at 7.)

/////
/////
/////
/////

2

Here, on November 21, 2013, shortly after defendant removed the case, plaintiff filed the following express waiver:

> Plaintiff hereby waives any claims against defendant CRANE CO. relating to or arising out of plaintiff's asbestos exposure during military service, employment by the government, from products sold or supplied to the U.S. military or government, at military and federal government jobsites or from U.S. military vessels or missiles.

(Notice of Pl.'s Waiver, ECF 6 at 1.)  Defendant's argument that the waiver is invalid because "[plaintiff's] complaint remains unchanged" is unavailing.  (ECF 28 at 2.)  *See Lara v. CBS Corp.*, CV 13-5569 ABC MANX, 2013 WL 4807168, at *1 (C.D. Cal. Sept. 6, 2013) ("The form of plaintiffs' post-removal waiver does not undercut its effectiveness."); *Lockwood v. Crane Co.*, 2:12-CV-01473-JHN-CW, 2012 WL 1425157, at *2 (C.D. Cal. Apr. 25, 2012) (plaintiff's "Notice of Waiver of Claims" filed shortly after removal sufficient to justify remand). Plaintiff says he "does[] [not] know how to make [it] any clearer" that "there simply is no claim against Crane Co." arising out of "asbestos exposure at federal enclaves or on Navy ships."  (ECF 29 at 2.)

The court agrees with the several district courts that have found similar waivers in asbestos cases sufficient to justify remand.  *See, e.g.*, *Lara*, 2013 WL 4807168, at *2 (finding "the substance of similar waivers in asbestos cases sufficient to justify remand"); *Lockwood*, 2012 WL 1425157, at *2 (finding "virtually identical waiver[] in virtually identical situation[] sufficient to justify remand); *Pratt v. Asbestos Corp. Ltd.*, C-11-3503 EMC, 2011 WL 4433724, at *1 (N.D. Cal. Sept. 22, 2011) ("Plaintiff's waiver has rendered any federal defenses moot.  There must be claims against which a federal defense is cognizable, and Plaintiff's waiver has removed any such claims"); *Westbrook v. Asbestos Defendants (BHC)*, C-01-1661 VRW, 2001 WL 902642, at *3 (N.D. Cal. July 31, 2001) ("The court sees no reason not to hold plaintiffs in this case to their waiver of claims arising out of work done on federal jobsites and vessels.  This waiver, therefore, justifies remand.").  Because plaintiff no longer states any claims against which defendant could raise a colorable federal defense, this court no longer has jurisdiction under § 1442(a)(1).

/////

IV.     CONCLUSION

        For the foregoing reasons, the court GRANTS plaintiff's Motion to Remand and the case is remanded to the Solano County Superior Court.

        IT IS SO ORDERED.

DATED:  January 23, 2014.

_____
UNITED STATES DISTRICT JUDGE